**UNITED STATES of America,
Plaintiff,**

v.

**HART MOTOR EXPRESS, Inc., a corporation, Defendant.**

**Cr. No. 4–57–70.**

United States District Court
D. Minnesota,
Fourth Division.

Jan. 3, 1958.

Kenneth G. Owens, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff United States.

Clay R. Moore, Minneapolis, Minn., for defendant Hart Motor Express.

DEVITT, District Judge.

The defendant here was charged by way of information with violating the provisions of 21 U.S.C.A. § 79, the Meat Inspection Act in that, without proper authority, he detached and knowingly defaced, altered and destroyed, by breaking, an official seal of the Department of Agriculture.

The defendant now moves the court for an order dismissing that portion of the information which charges that the defendant did, without proper authority, detach an official seal. This motion is based on the contention that the allegation is insufficient in that it failed to allege that the defendant knowingly detached the seal. The defendant argues that an element of knowledge or scienter must be read into the statute.

It must first be noted that the statute in question does not contain this element of scienter or knowledge.[1] An examination of the statute in question indicates to me that the drafters intended to make a distinction between "detaching" on one

---

[1] "Forgery, alteration or unauthorized use of marks, labels, or other identification devices or certificates. No person, firm, or corporation, or officer, agent, or employee thereof, shall forge, counterfeit, simulate, or falsely represent, or shall without proper authority use, fail to use, or detach, or shall knowingly or wrongfully alter, deface, or destroy, or fail to deface or destroy, any of the marks, stamps, tags, labels, or other identification devices provided for in sections 71 to 94, inclusive, of this title, or in and as directed by the rules and regulations prescribed hereunder by the Secretary of Agriculture, on any carcasses, parts of carcasses, or the food product, or containers thereof, subject to the provisions of such sections or any certificate in relation thereto, authorized or required by such sections or by the said rules and regulations of the Secretary of Agriculture."

hand and "defacing, altering and destroying" on the other. The word "detach" is grouped in with other violations phrased as "use, fail to use, or detach." There is no requirement of scienter as to any of these. "Deface, alter and destroy" are placed in a separate category and an element of scienter is required here.

The issue presented is whether it was constitutionally permissible for Congress to omit the element of scienter from a statutorally prescribed violation.

The case of United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604, is controlling on this issue. The same issue of the requirement of scienter was raised in that case which involved a violation of the Narcotics Act of 1914 [26 U.S.C.A. (I.R.C.1939) §§ 2550 et seq., 3220 et seq.] The court rejected the defendant's contention noting that the State may, in the maintenance of public policy, provide that one who does particular acts shall do them at his peril and cannot plead in his defense good faith or ignorance. The Court said at page 252 of 258 U.S., at page 302 of 42 S.Ct., "Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of *mala in se*." See, also, United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619.

This position was re-examined and re-affirmed in Morissette v. United States, 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288. That case involved a prosecution for the theft of government property. The issue again was whether scienter was an essential element of the crime even though not included in the statute itself. The government contended that it was not an element and relied upon the Balint and Behrman cases. The court first traced the history of the requirement of scienter in the common law and pointed out that our courts had read this element into the statutory codification of the common law of crime.

The court carefully pointed out, however, that the offenses involved in the Balint and Behrman cases belong to a category of another character, with very different antecedents and origins. The court then noted the tendency to create new duties and crimes which disregard the element of intent and said that the violations of many of these newly created regulations or duties result in no direct or immediate injury to persons or property but merely create the danger or probability of it which is what the law seeks to minimize. The court said: "While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted."

"The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities."

The court then stated that "The conclusion reached in the Balint and Behrman cases has our approval and adherence for the circumstances to which it was there applied."

In Morissette the court noted that stealing, larceny, and its variants and equivalents were among the earliest offenses known to the law before legislation. The court said that Congressional silence as to mental elements in an Act merely adopting into federal statutory law a concept of crime already well defined in common law and by statutory interpretation may warrant quite contrary inferences than the same silence in creating an offense new to general law, for whose definition we have no guidance except the Act. Because the offenses before the court in the Balint and Behrman cases were of this latter class, it could not accept them as authority for eliminating intent from offenses incorporated from the common law.

The offense involved here is clearly of a type unknown at common law. Obviously there is nothing inherently evil about detaching a seal. Nor is such an act, in itself, likely to result in injury or harm. Rather it is a proscribed act because it opens up the likelihood or possibility of injury to the public. Thus this court must conclude that it was within the legislative authority to leave out the element of scienter.

The only remaining issue is whether this was what Congress intended to do. The best indication of the legislative intent is to be found in the statute itself. The statute forbids a number of acts; these acts are placed in categories and the categories placed in separate clauses of the statute. Congress provided a requirement of scienter as to the violations expressed in the terms, "alter, deface, or destroy." Congress provided no requirement of scienter as to the violations expressed in the terms "use, fail to use, or detach, without proper authority." It is thus apparent that the omission in the latter situation was intentional rather than inadvertent.

Having concluded that the omission was intended and was a proper exercise of legislative discretion, it follows that the defendant's motion to dismiss must be denied. It is.